**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION**

| | | |
|---|---|---|
| **CASEY OAKS and JAMES MORMILE** | § | |
| **individually and on behalf of a class of** | § | |
| **similarly situated investors,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **Case No.  3:23-cv-02833-X** |
| **v.** | § | |
| | § | |
| **MARABOYINA CAPITAL, LLC and** | § | |
| **SURAJ MARABOYINA,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' MOTION TO DISMISS UNDER FEDERAL
RULES OF CIVIL PROCEDURE 9(b), 12(b)(1), AND 12(b)(6).**

i

**TABLE OF CONTENTS**

I.     FACTUAL BACKGROUND ................................................................. 2

II.    LEGAL STANDARD ...................................................................... 3

    a.    Federal Rule of Civil Procedure 12(b)(1) ............................... 3

    b.    Federal Rule of Civil Procedure 12(b)(6) ............................... 3

    c.    Federal Rule of Civil Procedure 9(b) .................................... 4

III.    ARGUMENT ............................................................................ 4

    a.  Maraboyina Capital is an improper party and should be dismissed under Rules 12(b)(1) and 12(b)(6) .......................................................... 4

    b.  Plaintiffs fail to state a claim under the TSA .................................. 6

        i.  Plaintiffs fail to identify any statements made to induce Plaintiffs' investment ............................................................. 6

        ii.  Plaintiffs concede Maraboyina lacked scienter to support a TSA claim ............................................................... 8

        iii.  Plaintiffs fail to establish Maraboyina committed "fraud by omission." ................................................................ 9

    c.  Plaintiffs fail to state a claim for negligent misrepresentation ..................... 11

        i.  Plaintiffs fail to allege that Defendants made any false statements of existing fact ........................................................ 12

        ii.  Plaintiffs fail to state a negligent misrepresentation claim based on omission ................................................................ 13

        iii.  Plaintiffs fail to allege that Plaintiffs relied on any statements by Defendants ........................................................ 14

        iv.  The Complaint establishes that the misconduct of other actors, not Defendants, proximately cause Plaintiffs' losses ............................ 14

    d.  Because Plaintiffs' other claims fail, Plaintiffs cannot state a claim for unjust enrichment ........................................................... 15

IV.    CONCLUSION ......................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

*Abarca v. CitiMortgage, Inc.*,
    2014 WL 2722206 (W.D. Tex. June 16, 2014)...........................................................................13

*Airborne Freight Corp.*,
    847 S.W.2d 298 (Tex App.--Dallas 1992, writ denied) ..............................................................13

*Am. Realty Tr., Inc. v. Travelers Cas. & Sur. Co. of Am.*,
    362 F. Supp. 2d 744 (N.D. Tex. 2005)......................................................................................12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................. 3-4

*Baker v. Great N. Energy, Inc.*,
    64 F. Supp. 3d 965 (N.D. Tex. 2014)..............................................................6, 8-9,11-12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007). .....................................................................................................................3

*Benchmark Elecs., Inc. v. J.M. Huber Corp.*,
    343 F.3d 719 (5th Cir. 2003),  *aff'd*, 514 Fed. Appx. 513 (5th Cir. 2013) ....................................4

*Billitteri v. Sec. Am., Inc.*,
    No. 09-CV-1568-F, 2010 WL 6785484 (N.D. Tex. July 26, 2010)..............................................6

*Boley v. Pineloch Assocs., Ltd.*,
    700 F. Supp. 673 (S.D.N.Y. 1988)............................................................................................10

*Bradford v. Vento*,
    48 S.W.3d 749 (Tex. 2001) ..........................................................................................................9

*Choice Inc. of Tex. v. Greenstein*,
    691 F.3d 710 (5th Cir. 2012)........................................................................................................3

*Coburn Supply Co. v. Kohler Co.*,
    342 F.3d 372 (5th Cir.2003).......................................................................................................14

*De Kwiatkowski v. Bear, Stearns & Co., Inc.*,
    306 F.3d 1293 (2d Cir. 2002)......................................................................................................11

*Doe v. Boys Clubs of Greater Dallas, Inc.*,
    907 S.W.2d 472 (Tex. 1995).......................................................................................................15

*Dorsey v. Portfolio Equities, Inc.*,
    540 F.3d 333 (5th Cir.2008) ( ......................................................................................................6

*Federal Land Bank Ass'n of Tyler v. Sloane*,
  825 S.W.2d 439 (Tex. 1991). .................................................................................11

*Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*,
  960 S.W.2d 41 (Tex. 1998) ....................................................................................9

*Hancock v. Chi. Title Ins. Co.*,
  635 F.Supp.2d 539 (N.D. Tex. 2009) (Fitzwater, C.J.) ........................................15

*Herrmann Holdings Ltd. v. Lucent Technologies Inc.*,
  302 F.3d 552 (5th Cir. 2002) ............................................................................. 8-9

*Home Builders Ass'n of Miss., Inc. v. City of Madison*,
  143 F.3d 1006 (5th Cir. 1998) ..............................................................................3

*Hopkins v. Green Dot Corporation*,
  No. 5:16-CV-365-DAE, 2016 WL 4468272 (W.D. Tex. Aug. 24, 2016) ...................... 4, 13-15

*In re Enron Corp. Securities, Derivative & "Erisa" Litigation*,
  No. CIV.A. H-01-3624, 2003 WL 23305555 (S.D. Tex. Dec. 11, 2003) ....................11

*In re Katrina Canal Breaches Litig.*,
  495 F.3d 191 (5th Cir. 2007) ...............................................................................3

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
  134 S. Ct. 1377 (2014) ..........................................................................................5

*Lindsey Constr., Inc. v. AutoNation Fin. Servs., LLC*,
  541 S.W.3d 355 (Tex. App.—Houston [14th Dist.] 2017, no pet. ..........................13

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992). .............................................................................................4

*Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*,
  369 F.3d 464 (5th Cir. 2004) .................................................................................3

*Moss v. Morgan Stanley Inc.*,
  719 F.2d 5 (2d Cir. 1983), *cert. denied* 465 U.S. 1025 (1984) .............................10

*Neukranz v. Conestoga Settlement Servs., LLC*,
  No. 3:19-CV-1681-L, 2022 WL 19518462 (N.D. Tex. Nov. 23, 202) ........................6

*Redwood Resort Props., LLC v. Holmes Co.*,
  2006 WL 3531422 (N.D. Tex. Nov. 27, 2006) (Fitzwater, J.) ...............................15

*Scherer v. Angell*,
  253 S.W.3d 777 (Tex. App.—Amarillo 2007, no pet. ...........................................13

*Smith v. BCE Inc.*,
   225 Fed. App'x 212 (5th Cir. 2007)..................................................................9

*Turner v. AmericaHomeKey Inc.*,
   2011 WL 3606688 (N.D. Tex. Aug. 16, 2011) ..............................................4

*United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*,
   125 F.3d 899 (5th Cir. 1997)...........................................................................4

*United States ex rel. Williams v. Bell Helicopter Textron, Inc.*,
   417 F.3d 450 (5th Cir. 2005)......................................................................4, 6

*Vannest v. Sage, Rutty & Co.*,
   960 F. Supp. 651 (W.D.N.Y. 1997) ..............................................................10

*Watson v. Arkoma Dev.*, LLC,
   No. 17-1331, 2018 WL 6274070 (W.D. La. Nov. 15, 2018)..........................8

*Williams v. WMX Techs., Inc.*,
   112 F.3d 175 (5th Cir.1997)..........................................................................12

## STATUTES

Article 33 of the Texas Securities Act ........................................................................6

## RULES

Federal Rules of Civil Procedure 9(b)..................................................................*passim*

Federal Rules of Civil Procedure 12(b)(1)...........................................................*passim*

Federal Rules of Civil Procedure 12(b)(6)...........................................................*passim*

Tex.Rev.Civ. Stat. Ann. art. 581–33(A)(2) ...............................................................6

Defendants Maraboyina Capital, LLC ("Maraboyina Capital") and Suraj Maraboyina respectfully move to dismiss the Complaint under Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6). Plaintiffs, investors in several successful films, claim they now face significant losses because of a "Ponzi Scheme" orchestrated by Jason Cloth along with Bron Studios and Creative Wealth Management Fund Corp. ("CWMF"). But none of these alleged wrongdoers is a party to this lawsuit—Plaintiffs' counsel has filed a nearly identical lawsuit against those parties in Illinois state court. Instead, Plaintiffs have sued Suraj Maraboyina and Maraboyina Capital, asserting claims for breach of the Texas Securities Act (the "TSA"), negligent misrepresentation, and unjust enrichment. According to Plaintiffs, Maraboyina acted as the placement agent for CWMF and, though Plaintiffs allege Maraboyina genuinely believed the statements he made about the investments to be true at the time they were made, they claim he was negligent in failing to discover and disclose the existence of facts that would have clued Plaintiffs in to the existence of the alleged "Ponzi Scheme."

But the Complaint fails to allege any well-pleaded facts to support these claims, let alone the particularized facts required to move forward with their claims under Rule 9(b). Although the Complaint claims Maraboyina misrepresented facts about Plaintiffs' investments, it does not cite or summarize a single statement that Maraboyina made to Plaintiffs leading up to their investment decision, it does not state who made the representation, or when it was made. It does not identify what in the representation was false, either on its face or by omission. And the claims against Maraboyina Capital are even sparser: as the Complaint itself alleges, Maraboyina Capital was not even founded until after the class period closed. There are no well-pled allegations that relate to Maraboyina Capital's role in any scheme. As discussed further below, these are not the only deficiencies with Plaintiffs' claims. For these reasons, Plaintiffs' allegations do not suffice under any pleading standard, and their claims must be dismissed.

## I.   FACTUAL BACKGROUND

Plaintiffs are two non-Texas citizens who invested in several movie projects with Jason Cloth, Bron Studios, and CWMF between July 29, 2019, and June 9, 2022. ECF No. 1 ¶¶ 24, 25. Plaintiffs also seek to certify a class of "[a]ll persons who invested in CWMF's projects offered by Maraboyina from January 1, 2019 to December 31, 2022." *Id.* ¶ 173.

According to Plaintiffs' allegations, they invested in specific movies and were informed by Cloth that they would be repaid (or not) depending on that movie's success. *Id.* ¶ 47. However, the investors claim that they were not repaid appropriately—they received more than expected for less profitable projects and received less than expected for profitable ones—because Cloth was engaged in a "Ponzi Scheme" and did not use their investments for the intended purposes. *Id.* ¶¶ 2-3. Both Bron and CWMF are currently in bankruptcy proceedings in Canada, which has frozen their assets and prevented these entities from distributing profits from the films to investors. *Id.* ¶¶ 164-65. The Plaintiffs may be paid back in part or in whole once these bankruptcy proceedings are resolved.

Importantly, none of the supposed bad actors—Cloth, Bron Studios, CWMF—are parties to this lawsuit, although Plaintiffs' counsel has sued Cloth for the same conduct and same injury in a separate class action in Illinois state court. *Fowler v. Schmidt Advisory Services, Inc.*, No. 2024CH01610 (Cook Cnty. Circuit Ct., Ch. Div. filed Mar. 5, 2024). Instead, Plaintiffs seek to hold Suraj Maraboyina and Maraboyina Capital liable for negligently failing to discover and disclose Cloth's alleged "Ponzi Scheme." According to Plaintiffs, Maraboyina acted as a placement agent for Creative Wealth Media Finance Corp. and recruited Plaintiffs as potential investors. *Id.* ¶¶ 14-19. Plaintiffs allege that Maraboyina was entirely ignorant of Cloth's scheme, and they concede that he genuinely—if, they allege, negligently—"believed [Cloth's claims] to be true and accurate." ECF. No. 1 at 15 & ¶ 122 Section D ("Maraboyina's Ignorant Participation in the Scheme"). Plaintiffs claim Maraboyina acted negligently by "rel[ying] on only representations from Cloth when recommending the investment to Plaintiffs and the Class rather than confirming anything with third

parties or looking into Bron or CWMF's finances." *Id.* ¶ 120.  However, Plaintiffs fail to allege a single representation made by Maraboyina on which they relied when making the decision to invest in the films and that was untrue or made untrue by a failure to disclose.  It is not clear from the Complaint what role Maraboyina Capital had in any of the claims asserted by Plaintiffs because, as the Complaint alleges, Maraboyina Capital did not exist during the class period. *Id.* ¶ 20.

## II.   LEGAL STANDARD

### a.   Federal Rule of Civil Procedure 12(b)(1)

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The plaintiff, as the party asserting jurisdiction, bears the burden of proving that subject matter jurisdiction exists. *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012).

### b.   Federal Rule of Civil Procedure 12(b)(6)

A defendant may move to dismiss a claim under Rule 12(b)(6) where the plaintiff fails to state a claim upon which relief can be granted.  Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive a motion to dismiss, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to

relief.' " *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)).  "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

### c.  Federal Rule of Civil Procedure 9(b)

Finally, "Rule 9(b) imposes a heightened pleading standard for fraud claims and requires that a party state with particularity facts supporting each element of fraud." *Turner v. AmericaHomeKey Inc.*, 2011 WL 3606688, at *2 (N.D. Tex. Aug. 16, 2011) (citing *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)), *aff'd*, 514 Fed. Appx. 513 (5th Cir. 2013) (per curiam). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Id.* (quoting *Benchmark Elecs.*, 343 F.3d at 724). A plaintiff must plead the "who, what, when, where, and how" of the fraud to survive dismissal. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

## III.   ARGUMENT

### a.  Maraboyina Capital is an improper party and should be dismissed under Rules 12(b)(1) and 12(b)(6).

As an initial matter, Plaintiffs fail to establish any causal link between their injury and Maraboyina Capital; thus, Maraboyina Capital must be dismissed as a defendant for lack of standing. Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  "Where the plaintiff cannot establish standing to sue a defendant, the Court must dismiss the defendant for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), because it lacks the power to adjudicate the case." *Hopkins v. Green Dot Corp.*, 2016 WL 4468272, at *3 (W.D. Tex. Aug. 24, 2016).  For standing to exist, "there must be a causal nexus between the injury and the conduct complained of; the injury must be fairly traceable to the defendant." *Id.* (citing *Lujan*, 504 U.S. at 560).

4

As even the Complaint concedes, Maraboyina Capital was not involved in any of the transactions at issue in the Complaint.  The Complaint alleges that Maraboyina, acting as "a representative of CMWF [*sic*]," induced Plaintiffs to invest in several films.  ECF No. 1 ¶ 14.  The Complaint states that all these investments took place between March 5, 2020, and July 15, 2022, and defines the proposed class as "[a]ll persons who invested in CMWF offered by [Mr.] Maraboyina from January 1, 2019, to December 31, 2022."  *Id.* ¶¶ 166, 168, 173.  According to the Complaint, however, Maraboyina Capital ***was not formed until January 2023***, and Maraboyina told investors in 2023 that "all ***future*** projects will be under the MarCap banner, but we will be continuing to work with CWM/BRON Studios on the repayment of all past-existing projects."  ECF No. 1 ¶¶ 20-21 (emphasis added).  Thus, taking Plaintiffs' allegations as true, none of the Plaintiffs could have had any interactions with Maraboyina Capital at the time they made their investment decisions, and the Plaintiffs understood that that Maraboyina Capital would be involved only with projects after January 2023 and that past investments were through CWMF/Bron Studios.

Nothing in the Complaint explains how Maraboyina Capital could be liable for representations made in connection with investments undertaken ***before Maraboyina Capital even existed*** and when Maraboyina explicitly informed investors that Maraboyina Capital would handle ***future*** projects on a ***foregoing*** basis after January 2023.  Thus, the injury complained of is not traceable to any conduct by Maraboyina Capital.  Plaintiffs therefore cannot establish standing against Maraboyina Capital, and Plaintiffs' claims against Maraboyina Capital must be dismissed under Rule 12(b)(1).  *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014).

For the same reasons, Plaintiffs have also failed to state a claim against Maraboyina Capital, and the claims against it should also be dismissed under Rules 9(b) and 12(b)(6), in the alternative.

### b. Plaintiffs fail to state a claim under the TSA.

Under the Texas Securities Act, an investor may sue "'[a] person who offers or sells a security'" and makes "'an untrue statement of a material fact'" or omits material facts "'necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir.2008) (quoting Tex.Rev.Civ. Stat. Ann. art. 581–33(A)(2)). Federal courts in Texas have held that claims for violation of Article 33 of the Texas Securities Act must satisfy the heightened pleading requirements of Rule 9(b) when they are brought in federal court. *Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 976 (N.D. Tex. 2014); *Billitteri v. Sec. Am., Inc.*, No. 09-CV-1568-F, 2010 WL 6785484, at *4 (N.D. Tex. July 26, 2010); *see also Neukranz v. Conestoga Settlement Servs., LLC,* No. 3:19-CV-1681-L, 2022 WL 19518462, at *14 (N.D. Tex. Nov. 23, 2022)*, report and recommendation adopted sub nom. Neukranz v. Conestoga Settlement, LLC,* No. 3:19-CV-1681-L, 2023 WL 2555551 (N.D. Tex. Mar. 16, 2023). To survive dismissal under the heightened pleading requirements of Rule 9(b), a plaintiff must plead the "who, what, when, where, and how" of the fraud. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). The Complaint falls well short of the requirements of Rule 9(b).

### i. Plaintiffs fail to identify any statements made to induce Plaintiffs' investment.

First, Plaintiffs fail to allege the "what" of their claims: Plaintiffs fail to cite a single representation Maraboyina made to Plaintiffs to induce their investment, let alone explain how that representation was false or made false by omission. Plaintiffs allege "Defendants issued numerous statements and other papers or documents touting the value of the Cloth Offering…[that] contained materially false and untrue statements including negligent misrepresentations about the nature of Cloth's scheme," and lists various conclusory allegations about Cloth's business that Plaintiffs allege Defendants should have discovered and disclosed. *Id.* ¶¶ 202-04.

But Plaintiffs fail to identify—or even describe—any statements Defendants made in connection with the investments at issue, let alone how those statements were untrue.  The only communications the Complaint discusses that occurred before investments were made are contained in paragraphs 15-19, which state that Maraboyina "wined and dined" the two investor Plaintiffs, and that a third party, Jason Cloth, had a "rare Patek Philippe Aquanaut watch worth $500,000 delivered to him at the table during lunch."  ECF No. 1 ¶¶ 15-19.  But nothing in these paragraphs places Defendants on notice of what purported misrepresentations were made by Maraboyina, or what material information was "omitted" during this "wining and dining."  The Complaint does not identify when this "wining and dining" occurred or who made which statements. At most, the Complaint cites an instance in which Oaks invested in a television series, Shadowplay, and was fully repaid on his investment plus a profit.  *Id.* ¶¶ 84-95.  Although Plaintiffs imply that the repayment on this investment was itself misleading and intended to induce future investments, they do not identify any false or misleading statements **by Maraboyina** that connected the repayment on Shadowplay to subsequent investments, nor do they dispute that Oaks was in fact repaid on the Shadowplay investment.  Rather, the repayment on Shadowplay demonstrates a successful investment and fulfillment of representations, not an instance of fraud.

The only specific communications between any of the Plaintiffs and Maraboyina cited in the Complaint occurred well **after** Plaintiffs had already made the investments that are the subject of the lawsuit.  The Complaint cites communications from January 2023 regarding Maraboyina Capital, which, as discussed above, occurred after the investments at issue were made and after the close of the class period.  *See supra* Section III.a.  Even the specific alleged communications involving the two named Plaintiffs took place after those individuals had already invested, meaning they could not have relied on those representations. For example, according to the Complaint, Plaintiff Mormile only made one investment with CWMF, which was for Ghostbusters in July 29, 2019.  ECF No. 1 ¶ 186.  The communications around Ghostbusters described in the Complaint occurred after June 15,

2022, nearly a year after Plaintiff Mormile made the decision to invest.  *Id.* ¶¶ 62-69.  Likewise, the communications cited in the Complaint between Maraboyina and Plaintiff Oaks around each of the films he invested in occurred *after* Oaks had made the decision to invest in each of those films.  *Id.* ¶¶ 76-99.  In one instance, the representations cited did not even involve Maraboyina or Plaintiff Oaks; Plaintiffs cite a communication between Cloth and Schmidt related to the film Gossamer, but there is no evidence Maraboyina participated in the communication or that Oaks received it.  *Id.* ¶¶ 100-101.  Plaintiffs cannot survive dismissal by describing an alleged fraud perpetrated by Cloth and others and attempting to lump Maraboyina in with group pleading.  *See Watson v. Arkoma Dev.*, LLC, No. 17-1331, 2018 WL 6274070, at *10 (W.D. La. Nov. 15, 2018) ("Plaintiffs have failed to specify when the activities took place or which Defendants committed the allegedly fraudulent acts. Plaintiffs have merely engaged in 'group pleading,' which is insufficient under Rule 9(b)").

Taking Plaintiffs' allegations as true, Plaintiffs could not have relied on any of the specific statements made by Maraboyina cited in the Complaint when they decided to invest in the films.  The Complaint does not offer enough information to determine whether Maraboyina made any other statements prior to Plaintiffs' investments that were untrue or rendered untrue by omission.  "Simply put, the standards for pleading a federal securities fraud cause of action require much more specificity than the Complaint provides for the misrepresentations and omissions alleged, including *when* and *where* the statements were made, and *how* those statements or omissions were false, misleading, or otherwise actionable under the federal securities laws."  *Baker*, 64 F. Supp.3d at 976 (dismissing securities fraud claims under federal law and the Texas Securities Act). This information is entirely absent from Plaintiffs' Complaint.

### ii.  Plaintiffs concede Maraboyina lacked scienter to support a TSA claim.

Rule 9(b) also requires specific allegations of fraudulent intent to sustain a claim for fraud where a plaintiff alleges that the defendant fraudulently promised future performance, as Plaintiffs allege here.  *Herrmann Holdings Ltd. v. Lucent Technologies Inc.*, 302 F.3d 552, 564-65 (5th Cir.

2002).  To the extent Plaintiffs' TSA claims depend on statements about the future performance of their investments, Plaintiffs must allege scienter with particularity, *i.e.* that "the promise was made with no intention of performing at the time it was made." *Id.* (quoting *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998)).

Plaintiffs allege that Maraboyina was ignorant of any scheme by Cloth and that Maraboyina believed his own representations.  ECF No. 1 at 15-16.  Because Plaintiffs allege that he did not know the falsity of those statements at the time they were made, Plaintiffs necessarily fail to plead with particularity that Maraboyina had the requisite state of mind that his representations about repayment were made with no intention of performance.  Plaintiffs' TSA claim must be dismissed for this additional reason.

### iii.   Plaintiffs fail to establish Maraboyina committed "fraud by omission."

In the alternative to identifying any representations—let alone, ***mis***representations—by Defendants, Plaintiffs seek to establish securities fraud by omission.  They allege any solicitation by Maraboyina was rendered untrue because he did not disclose various facts about Cloth's business, including that a prior, unrelated business Crystal Wealth was a "Ponzi Scheme," that Cloth did not employ an accountant or bookkeeper, and that invested funds would be misspent.  ECF No. 1 ¶ 204. But this theory is also inadequately pled.

"To sustain a fraud by omission claim, the plaintiff must prove all the elements of 'fraud by affirmative misrepresentation, including fraudulent intent, with the exception that the misrepresentation element can be proven by omission of a material fact in light of a duty to disclose.'" *Baker*, 64 F. Supp.3d at 974-75 (quoting *Smith v. BCE Inc.*, 225 Fed. App'x 212, 218 (5th Cir. 2007)).  A fraud by omission claim fails "***unless there is a duty to disclose the information***," which arises "only when the particular circumstances impose a duty on the party to speak and he deliberately remains silent."  *Id.* (quoting *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001)) (emphasis added). Texas courts have found a duty to disclose "(1) when the parties have a

confidential or fiduciary relationship, (2) when one party voluntarily discloses information, which gives rise to the duty to disclose the whole truth, (3) when one party makes a representation, which gives rise to the duty to disclose new information that the party is aware makes the earlier representation misleading or untrue, or (4) when one party makes a partial disclosure and conveys a false impression, which gives rise to the duty to speak." *Id.* (collecting cases).

As an initial matter, Plaintiffs' failure to allege what Maraboyina *did* say in connection with their investment renders a "fraud by omission" theory equally implausible and unsustainable under Rule 9(b). One cannot assess whether an earlier representation was made misleading by an alleged omission without knowing what the content of the earlier representation was. Without knowing what Maraboyina purportedly said, one cannot determine whether he had a duty to correct it.

Further, Plaintiffs fail to establish that Maraboyina owed them any duty. Although Plaintiffs allege that Maraboyina was qualified as an investment advisor, Plaintiffs do not allege that he had that relationship with them. Rather, according to their own allegations, he was acting as a placement agent for CWMF. ECF No. 1 ¶ 137. Several courts have specifically rejected the argument that a placement agent owes an investor a fiduciary or heightened duty. *E.g.*, *Vannest v. Sage, Rutty & Co.*, 960 F. Supp. 651, 655 (W.D.N.Y. 1997) (holding that defendant, "an underwriter and placement agent" of plaintiffs' limited partnership interests, was not a fiduciary, noting that mere titles such as "placement agent" were insufficient to establish "'[t]he existence of fiduciary duties'") (citations omitted); *see also Boley v. Pineloch Assocs., Ltd.*, 700 F. Supp. 673, 681 (S.D.N.Y. 1988) (rejecting allegations of the existence of a fiduciary duty based on one-time purchases of securities, observing "[a]llegations of reliance on another party with superior expertise, standing by themselves, will not suffice"). Nor does any law impose a "special duty of disclosure on broker-dealers simply by virtue of their status as market professionals," as Plaintiffs imply through their extensive citation to the FINRA rules. *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 15 (2d Cir. 1983), *cert. denied* 465 U.S. 1025 (1984). Plaintiffs contend Maraboyina was better positioned to have more complete

information about the investment than they did, but that is true of any counterparty to any arms-length transaction. Plaintiffs' allegations simply fail to establish that Maraboyina owed them a special duty of disclosure as an intermediary in an arms-length transaction.

Additionally, Plaintiffs' theory of the case—that a broker may be held liable for securities fraud for failing to discover and disclose every detail about a party's past business history and future intent, even if that person was ignorant of those facts—finds no support in the law. Courts have previously rejected "a rule under which a person is per se liable for fraud if he or she asks for or receive investors' funds without disclosing that he or she, or an affiliate manager, has been charged in the past of financial improprieties," let alone failing to disclose information about a third party's full business history. *Baker*, 64 F. Supp.3d at 975. Likewise, Plaintiffs' reliance on post-investment statements is misplaced. Even if a broker owes limited duties to clients, that duty is not ongoing. A broker has no "duty to offer unsolicited information, advice or warnings concerning the customer's investments." *In re Enron Corp. Securities, Derivative & "Erisa" Litigation*, No. CIV.A. H-01-3624, 2003 WL 23305555, at *8 (S.D. Tex. Dec. 11, 2003) (quoting *De Kwiatkowski v. Bear, Stearns & Co., Inc.*, 306 F.3d 1293, 1302 (2d Cir. 2002).

The law is clear: Plaintiffs cannot state a fraud claim based on omission without first establishing that Maraboyina owed them a duty to uncover and disclose information at the time of their investment. Their failure to do so is fatal to their TSA claim.

### c. Plaintiffs fail to state a claim for negligent misrepresentation.

To state a claim for negligent misrepresentation under Texas law, Plaintiffs must allege: "(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *Federal Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

11

Although Rule 9(b) does not ordinarily apply to negligent misrepresentation claims, district courts apply the heightened pleading requirement where a party's "fraud and negligent misrepresentation claims are based on the same set of alleged facts" and "the parties have not urged a separate focus on the negligent misrepresentation claims." *Am. Realty Tr., Inc. v. Travelers Cas. & Sur. Co. of Am.*, 362 F. Supp. 2d 744, 748 (N.D. Tex. 2005) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir.1997)).  Thus, Plaintiffs' negligent misrepresentation claim fails for the same reasons as its TSA claim: Plaintiffs fail to plead the "who, what, when, where, and how" of their claim against Defendants. *See supra* Section III.b.

But Plaintiffs' negligent misrepresentation claim fails even under a more lenient standard because their allegations fall short of the requirements for a negligent misrepresentation claim under Texas law.  Their negligent misrepresentation claim must be dismissed for failure to state a claim, whether or not the heightened Rule 9(b) standard applies.

### i. Plaintiffs fail to allege that Defendants made any false statements of existing fact.

Plaintiffs' negligent misrepresentation claim should be dismissed because Plaintiffs fail to identify any statements of existing fact made by Maraboyina on which they relied when they made the decision to invest in CWMF films.  As discussed *supra* Section III.b.i, Plaintiffs' Complaint does not identify ***any*** representations made by Maraboyina to Plaintiffs in connection with their investment decision, let alone explain how those representations were false or made false by omission.  *Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 979 (N.D. Tex. 2014).  The only representations the Complaint cites occurred well ***after*** the Plaintiffs had already invested in the films.  For the reasons discussed above, these statements cannot support Plaintiffs' TSA ***or*** negligent misrepresentation claims.

Not only is it temporally impossible for these statements to have influenced any investment decisions by Plaintiffs, but the statements cited in the Complaint are not the type of statements that

could support a negligent misrepresentation claim.  Each of the identified statements involves Maraboyina updating Plaintiffs about the status of their investment and passing along information about what he was being told by others regarding timetable for repayment.  *E.g.*, ECF No. 1 ¶¶ 62-67.  Texas law is clear that a negligent misrepresentation claim requires a misstatement of existing fact at the time of the investment; conditional promises of future conduct sound in contract, not tort, and are insufficient as a matter of law to establish negligent misrepresentation.  *Airborne Freight Corp.*, 847 S.W.2d at 298; *Lindsey Constr., Inc. v. AutoNation Fin. Servs., LLC*, 541 S.W.3d 355, 366 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Abarca v. CitiMortgage, Inc.*, 2014 WL 2722206, at *3 (W.D. Tex. June 16, 2014) (requiring "the 'false information' contemplated in a negligent misrepresentation case" to "be a misstatement of an existing fact;" in other words, an active misrepresentation, but not a passive omission) (quoting *Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex. App.—Amarillo 2007, no pet.))..

> ### ii. **Plaintiffs fail to state a negligent misrepresentation claim based on omission.**

Perhaps recognizing their failure to identify any false statements made by Maraboyina leading up to their investment, Plaintiffs instead seek to hold Maraboyina liable for omitting information they claim would have dissuaded them from investing.  Their negligence claim is premised entirely on omission:

- "Defendants breached their legal duty to provide accurate information to Plaintiffs and the Class as prospective purchasers of investments in Maraboyina ***by omitting material facts***, and such material facts were necessary to make the statements made, in light of the circumstances under which they were made, not misleading."  ECF No. 1 ¶ 186 (emphasis added).

- "Defendants had knowledge of, or reasonable grounds to believe the existence of facts by reason of which their liability under this Count is alleged to exist, and with this knowledge, Defendants ***made material omissions of fact*** with respect to the offer and sale of securities." *Id.* ¶ 188 (emphasis added).

But "there is no Texas case law supporting a misrepresentation claim based upon an omission" without a corresponding duty to disclose.  *Hopkins v. Green Dot Corporation*, No. 5:16-CV-365-

DAE, 2016 WL 4468272, at *8-9 (W.D. Tex. Aug. 24, 2016); *Coburn Supply Co. v. Kohler Co.*, 342 F.3d 372, 377 (5th Cir.2003) (citations omitted). For the reasons discussed above, Plaintiffs have failed to establish any such duty.   Thus, their negligent misrepresentation claim must also be dismissed.

### iii.  Plaintiffs fail to allege that Plaintiffs relied on any statements by Defendants.

An essential element of a negligent misrepresentation claim is that Plaintiffs justifiably relied on the misrepresentation.   As discussed *supra* Section III.b.i, Plaintiffs fail to identify any misrepresentation made ***before*** Plaintiffs elected to invest in the films.  Maraboyina Capital did not even exist when Plaintiffs invested in the films at issue in this lawsuit; thus, they certainly could not have relied on any representations made by it.   Thus, Plaintiffs have failed to allege that they justifiably relied on any misrepresentation made by Defendants, and their negligent misrepresentation claim should be dismissed for this additional reason.

### iv.  The Complaint establishes that the misconduct of other actors, not Defendants, proximately caused Plaintiffs' losses.

Plaintiffs' negligent misrepresentation claim also fails because their allegations fail to establish that Defendants' negligence—and not other parties' misconduct—proximately caused their injuries.  Although the allegations are less than clear, Plaintiffs allege that a third party, Jason Cloth, took investors' money and then failed to pay them back what they were owed, even though the movies cited in the Complaint were largely profitable.  *See e.g.*, ECF No. 1 ¶¶ 50-57.  In fact, counsel for Plaintiffs has also filed a separate class action against Cloth related to the same injuries involved in this case, and Plaintiffs in this action would also be included in the class in the Illinois action, positioning them for a double recovery.

Plaintiffs concede Maraboyina did not know of or participate in any fraudulent scheme conducted by Cloth or other actors, and Plaintiffs fail to identify any statements by Maraboyina that were intended to guide Plaintiffs into entering a business transaction.  ECF No. 1 ¶¶ 114-135.  Taking

the Complaint's allegations at face value, it establishes that Cloth's misconduct—not reliance on anything Maraboyina said to Plaintiffs—was the proximate cause of Plaintiffs' investment losses. *Hopkins*, 2016 WL 4468272, at *10 (dismissing negligent misrepresentation claim where losses occurred because of third-party criminal, not because of reliance on statements by defendants); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477–78 (Tex. 1995) (causation is "not shown if the defendant's negligence did no more than furnish a condition which made the injury possible."). For this additional reason, Plaintiffs fail to state a claim for negligent misrepresentation against Defendants, and their claim must be dismissed.

> **d. Because Plaintiffs' other claims fail, Plaintiffs cannot state a claim for unjust enrichment.**

Because Plaintiffs' other claims fail, the Court must also dismiss their claim for unjust enrichment. Texas law does not recognize an independent cause of action for unjust enrichment; rather, it is a "theory upon which an action for restitution may rest." *See Hancock v. Chi. Title Ins. Co.*, 635 F.Supp.2d 539, 560-61 (N.D. Tex. 2009) (Fitzwater, C.J.) (dismissing unjust enrichment claim at summary judgment stage); *see also Redwood Resort Props., LLC v. Holmes Co.*, 2006 WL 3531422, at *9 (N.D. Tex. Nov. 27, 2006) (Fitzwater, J.) (dismissing unjust enrichment claim at motion to dismiss stage and holding that it is not an independent cause of action). Without other claims to support an award of restitution for unjust enrichment, Plaintiffs' unjust enrichment "claim" cannot survive on its own. Because Plaintiffs fail to state any claims on which relief can be granted, the Court must also dismiss their unjust enrichment claim.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant this Motion and dismiss Plaintiffs' complaint against Defendants in its entirety with prejudice and award Defendants all other relief to which they are entitled.

Respectfully submitted,

*/s/ Margaret D. Terwey*
Margaret D. Terwey
Texas Bar No. 24087454
margaret.terwey@rm-firm.com
Tyler Bexley
Texas Bar No. 24073923
tyler.bexley@rm-firm.com
REESE MARKETOS LLP
750 N. Saint Paul St.,
Suite 600
Dallas, Texas 75201-3201
214.382.9810 telephone
214.501.0731 facsimile

ATTORNEYS  FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served by electronic transmittal by CM/ECF to all counsel of record on May 1, 2024.

*/s/ Margaret D. Terwey*