IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| CASEY OAKS and JAMES MORMILE individually and on behalf of a class of similarly situated investors, | § § § § | |
| Plaintiffs, | § § | Case No. 3:23-cv-02833-X |
| v. | § § | |
| MARABOYINA CAPITAL, LLC and SURAJ MARABOYINA, | § § § § | |
| Defendants. | § | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS UNDER FEDERAL
RULES OF CIVIL PROCEDURE 9(b), 12(b)(1), AND 12(b)(6)**

As Defendants Maraboyina Capital, LLC ("Maraboyina Capital") and Suraj Maraboyina argued in their opening Motion to Dismiss Under Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6) (the "Motion"), Plaintiffs' Complaint, while full of "facts," is bereft of the types of allegations required to sustain their case in federal court. Although Plaintiffs contend that "it is hard to envision a complaint with more detail!" than the one they have filed in this case, Resp. at 7, they fail to deal seriously with the pleading standards applicable to their claims under the Federal Rules of Civil Procedure and fail to explain how the conclusory and general allegations in their Complaint meet those standards. While perhaps "[o]ne can always plead more facts," Resp. at 1, the Federal Rules impose a threshold that plaintiffs must meet before they are entitled to access discovery and impose considerable costs on the court and opposing parties. *See Fabela v. Corpus Christi Indep. Sch. Dist.*, No. 2:19-CV-387, 2020 WL 2576175, at *2 (S.D. Tex. May 21, 2020) ("One of the purposes of Rule 12(b)(6) and the pleading standards is to spare defendants of fishing expeditions in the name of discovery before demonstrating that the claims are plausible." (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007)). Plaintiffs' response fails to explain how their Complaint

surpasses that threshold. For these reasons, as well as for those in the Motion, the Court should dismiss Plaintiffs' Complaint in its entirety.

I. **ARGUMENT**

    a. **Plaintiffs concede their Complaint lacks sufficient allegations against Maraboyina Capital.**

Although Plaintiffs admit "[i]t is unclear at this stage what role Maraboyina Capital played in the recruiting of investors to Cloth's Ponzi scheme," they nonetheless contend that they are entitled to discovery to figure out what their claims against Maraboyina Capital are. Resp. at 15. But the Federal Rules do not countenance such an approach. As an initial matter, Plaintiffs must establish constitutional standing before this Court even has jurisdiction to hear their claims, which they have not done for the reasons discussed in the Motion. By conceding that they do not know what, if any role, Maraboyina Capital played, they effectively concede they do not have an injury "fairly traceable" to Maraboyina Capital, a threshold inquiry required to maintain a case in federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "Where the plaintiff cannot establish standing to sue a defendant, the Court must dismiss the defendant for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), because it lacks the power to adjudicate the case." *Hopkins v. Green Dot Corp.*, 2016 WL 4468272, at *3 (W.D. Tex. Aug. 24, 2016).

Plaintiffs do not challenge Defendants' characterization of the allegations against Maraboyina Capital, other than to state that Plaintiffs erred in their Complaint when they wrote that Maraboyina Capital was formed in January 2023 because the Texas Secretary of State website states that it was formed in May 2022. Resp. at 15. Plaintiffs have not sought leave to amend their Complaint, and that information was available to Plaintiffs before they filed their Complaint. In any event, it is immaterial because Plaintiffs allege that Maraboyina Capital was handling investments only after January 2023, regardless of the formation date. ECF No. 1 ¶¶ 20-21. Taking Plaintiffs' allegations as true, none of the Plaintiffs had any interactions with Maraboyina Capital at the time

they made their investment decisions, and the Plaintiffs understood that that Maraboyina Capital would be involved only with projects after January 2023 and that past investments would continue through CWMF/Bron Studios. *Id.* Plaintiffs' allegations fall far short of even the most lenient pleading standards applicable to their claims, and they have not met the threshold to seek discovery to backfill their allegations.

In sum, Plaintiffs fail to allege any facts that support any of the elements of any of their claims against Maraboyina Capital, and they make no attempt to allege that Maraboyina Capital has any kind of vicarious liability for the conduct of Maraboyina. Plaintiffs cannot use discovery as a fishing expedition to figure out what their claims are "before demonstrating that the claims are plausible." *Fabela*, 2020 WL 2576175, at *2. Their allegations against Maraboyina Capital are simply insufficient and must be dismissed.

### b. Plaintiffs fail to state a claim under the TSA.

As with their other claims, Plaintiffs repeat that they have alleged facts "in painstaking detail" and recite the standards applicable to claims under the Texas Securities Act ("TSA"), without explaining how their allegations get them across the threshold to sustain their case in federal court. In fact, Plaintiffs confuse which standards are applicable to their claims and fail to respond to Defendants' arguments that Plaintiffs' claims do not measure up. Their TSA claim fails to pass muster and should be dismissed.

#### i. Rule 9(b), not Rule 8(a), applies to their claims.

As an initial matter, Plaintiffs ignore the ample Fifth Circuit authority applying the heightened pleading standards of Rule 9(b) to claims brought under the TSA. *See, e.g.*, *Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 976 (N.D. Tex. 2014); *Billitteri v. Sec. Am., Inc.*, No. 09-CV-1568-F, 2010 WL 6785484, at *4 (N.D. Tex. July 26, 2010); *see also Neukranz v. Conestoga Settlement Servs., LLC,* No. 3:19-CV-1681-L, 2022 WL 19518462, at *14 & n.14 (N.D. Tex. Nov. 23, 2022)*, report and recommendation adopted sub nom. Neukranz v. Conestoga Settlement, LLC,*

No. 3:19-CV-1681-L, 2023 WL 2555551 (N.D. Tex. Mar. 16, 2023). Plaintiffs cite a single out-of-circuit district court case to argue that the pleading standard for TSA claims imposes a "relatively minimal burden on the plaintiff," yet they fail to acknowledge the cases from within the Fifth Circuit holding otherwise. Resp. at 12 (citing *Nat'l Credit Union Admin. Bd. v. Morgan Stanley & Co.*, No. 13 CIV. 6705 DLC, 2014 WL 241739, at *15 (S.D.N.Y. Jan. 22, 2014) (stating that the *federal* Securities Act and parallel state laws apply a "relatively minimal burden on the plaintiff" under Rule 8(a))).

In *Billitteri*, the Court considered the precise issue raised by Plaintiffs: whether Rule 9(b) applied to TSA claims even if the statute does not require proof of scienter:

> This Court is persuaded by the analysis of *Dorsey,* though the holding is not controlling here. A plaintiff alleging a violation of "Texas securities fraud under the TSA," that is, **a violation of article 33 of the TSA, must satisfy the heightened pleading requirements of Rule 9(b), but need not plead scienter**. *See Dorsey,* 540 F.3d at 343–44. This conclusion is supported by the *Dorsey* panel's additional distinction of aider and abettor liability under the TSA from seller liability under the TSA on the basis that scienter is required of aider and abettor liability but not of seller liability. Implicitly, though unstated, both require the heightened pleading standard of Rule 9(b). And, it is compelling that Dorsey simply states that the "Texas Securities Act ... creates a cause of action for *securities fraud,"* and then proceeds to provide that such claims against sellers of securities are controlled by article 33(A)(2), the provision alleged by Plaintiffs here. *Id.* at 343 (emphasis added).

*Billitteri*, 2010 WL 6785484, at *5 (emphasis added).

To survive dismissal under the heightened pleading requirements of Rule 9(b), a plaintiff must plead the "who, what, when, where, and how" of the fraud. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). Plaintiffs' allegations are clearly inadequate under Rule 9(b)'s standards. Even if Rule 9(b) does not apply, Plaintiffs have failed to allege facts to support the elements of the claim under a lesser standard for the reasons discussed below and in the Motion.

### ii. Plaintiffs fail to address the different standards that apply to "omission" cases, as opposed to cases involving affirmative misrepresentations.

As Defendants argued in the Motion, and as Plaintiffs now concede, Plaintiffs' case hinges only on omissions, not on affirmative misrepresentations. Resp. at 9. But Plaintiffs fail to acknowledge the cases cited in Defendants' Motion that impose different standards under Texas law for cases involving omissions.

While scienter is normally not required for an affirmative false statement, Texas law requires evidence of scienter when a party alleges an omission related to, or a false promise of, future performance, as Plaintiffs allege here. *Herrmann Holdings Ltd. v. Lucent Technologies Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002) (Rule 9(b) requires specific allegations of fraudulent intent when a plaintiff alleges that the defendant fraudulently promised future performance). To the extent Plaintiffs' TSA claims depend on statements about the future performance of their investments, Plaintiffs must allege scienter with particularity, *i.e.* that "the promise was made with no intention of performing at the time it was made." *Id.* (quoting *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998)). Further, scienter is absolutely required to the extent Plaintiffs wish to convert their claim to one involving secondary (or "aider and abettor") liability under the TSA. *Billitteri*, 2010 WL 6785484, at *5. Plaintiffs allege that Maraboyina was ignorant of any scheme by Cloth and that Maraboyina believed his own representations. ECF No. 1 at 15-16. Thus, to the extent their claims require scienter, Plaintiffs concede they fail to allege it.

Next, Plaintiffs fail to allege what statements Maraboyina made that were made misleading by omission. Plaintiffs concede that "Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading." Resp. at 9 (citing *Carroll v. Fort James Corporation*, 470 F.3d 1171, 1174 (5th Cir. 2006)). Yet they fail to identify which representations Maraboyina did make to them that they relied on at the time Maraboyina offered or sold the securities

(which necessarily would have occurred *before* they invested) or the way in which Plaintiffs' laundry list of omitted facts made the representations by Maraboyina false. Plaintiffs state "So, where should these omissions have been identified? Everywhere. But, more specifically, in the statements, papers, and documents Maraboyina used to tout the investments to his investors." Resp. at 10. Yet they do not allege that Maraboyina gave them any documents during any of his pre-investment meetings with Plaintiffs. At most, Plaintiffs allege generally that "Defendants issued numerous statements and other papers or documents touting the value of the Cloth Offering," but they fail to allege *who* provided them (Maraboyina Capital did not exist for much of the relevant period), *when* those documents were provided (before or after Plaintiffs invested), or *what* information those documents contained that was rendered untrue or misleading because of the omission. ECF No. 1 ¶¶ 74, 202. Plaintiffs' conclusory and general statement that Defendants issued documents cannot support Plaintiffs' claims. "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Such allegations are insufficient to state a claim under either Rules 8(b) or 9(a).

### iii. Plaintiffs' summary of FINRA regulations is not sufficient to establish that Maraboyina owed them a duty to disclose.

Finally, Plaintiffs concede that their omissions-based claims fail unless Maraboyina has a duty to disclose information to them. Resp. at 13. Plaintiffs' basis for claiming Maraboyina had a duty is based solely on their extensive citation to the FINRA rules. According to Plaintiffs, Maraboyina's duty arose "because he had duties to investors under FINRA." Resp. at 11.

As Defendants argued in the Motion, merely being licensed under FINRA does not create a duty between the licensee and every person he encounters, just as being admitted to a state's bar does not create a duty between a lawyer and every other person in that state. Plaintiffs quote several provisions from the FINRA manual, but they fail to describe any conduct, agreements, or

6

understanding between the parties that demonstrate the existence of a duty in this case. Several courts have specifically rejected the argument that a placement agent automatically owes an investor a fiduciary or heightened duty. *E.g.*, *Vannest v. Sage, Rutty & Co.*, 960 F. Supp. 651, 655 (W.D.N.Y. 1997) (holding that defendant, "an underwriter and placement agent" of plaintiffs' limited partnership interests, was not a fiduciary, noting that mere titles such as "placement agent" were insufficient to establish "'[t]he existence of fiduciary duties'") (citations omitted); *see also Boley v. Pineloch Assocs., Ltd.*, 700 F. Supp. 673, 681 (S.D.N.Y. 1988) (rejecting allegations of the existence of a fiduciary duty based on one-time purchases of securities, observing "[a]llegations of reliance on another party with superior expertise, standing by themselves, will not suffice"). Nor do Plaintiffs identify any law that imposes a "special duty of disclosure on broker-dealers simply by virtue of their status as market professionals." *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 15 (2d Cir. 1983), *cert. denied* 465 U.S. 1025 (1984). Likewise, even if a broker owes a duty in some circumstances, a broker has no "duty to offer unsolicited information, advice or warnings concerning the customer's investments," as Plaintiffs suggest. *In re Enron Corp. Securities, Derivative & "Erisa" Litigation*, No. CIV.A. H-01-3624, 2003 WL 23305555, at *8 (S.D. Tex. Dec. 11, 2003) (quoting *De Kwiatkowski v. Bear, Stearns & Co., Inc.*, 306 F.3d 1293, 1302 (2d Cir. 2002)).

Plaintiffs cannot state a fraud claim based on omission without first establishing that Maraboyina owed them a duty to uncover and disclose information at the time of their investment. For these reasons, and those in Defendants' Motion, Plaintiffs' failure to do so is fatal to their TSA claim.

### c. Plaintiffs fail to state a claim for negligent misrepresentation.

Plaintiffs' negligent misrepresentation claim fails for many of the same reasons as discussed above as well as Plaintiffs' failure to plead facts to support several other elements of their claim. As an initial matter, Plaintiffs do not respond to Defendants' contention that Rule 9(b) applies to their negligent misrepresentation claim and therefore concede that it applies. *U.S. ex rel. Bias v.*

*Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 321 (5th Cir. 2016) ("[The Plaintiff] does not address the argument and implicitly concedes that his claims were time-barred."). But their claim fails under any pleading standard.

A negligent misrepresentation claim premised on omissions, as Plaintiffs' claims are (Resp. at 12), has additional requirements, which Plaintiffs fail to meet. Plaintiffs fail to identify what statements Marabotyina did make that were rendered untrue by omission, as discussed. *See Abarca v. CitiMortgage, Inc.*, 2014 WL 2722206, at *3 (W.D. Tex. June 16, 2014) (requiring "the 'false information' contemplated in a negligent misrepresentation case" to "be a misstatement of an existing fact;" in other words, an active misrepresentation, but not a passive omission) (quoting *Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex. App.—Amarillo 2007, no pet.)). Further, Plaintiffs concede that they must show Defendants owe them a duty before they can state an omission claim, Resp. at 13-14, yet they fail to establish a duty for the reasons discussed above.

Additionally, Plaintiffs fail entirely to address the final element of a negligent misrepresentation claim: that "the plaintiff suffers pecuniary loss by justifiably **relying** on the representation." *Federal Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (emphasis added). As Defendants addressed at length in the Motion, Plaintiffs' Complaint does not identify **any** representations made by Maraboyina to Plaintiffs in connection with their investment decision, let alone explain how those representations were made false by omission (as they must, for an omission-based negligent misrepresentation claim). *Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 979 (N.D. Tex. 2014). The only representations the Complaint cites occurred well after the Plaintiffs had already invested in the films. Plaintiffs have the burden to establish reliance—yet they fail to explain in their Response how the Plaintiffs could have **relied** on a statement made **after** an investment decision was already made. Resp. at 13.

Finally, Plaintiffs do not respond to Defendants' argument that their allegations fail to establish that Defendants' negligence—and not other parties' misconduct—proximately caused their

injuries. Mot. at 14-15. They therefore concede this issue as well. *Bias*, 816 F.3d at 321 ("[The Plaintiff] does not address the argument and implicitly concedes that his claims were time-barred.").

### d. Because Plaintiffs' other claims fail, Plaintiffs cannot state a claim for unjust enrichment.

Plaintiffs argue they are entitled to unjust enrichment, but they fail to acknowledge that Texas law does not recognize an independent cause of action for unjust enrichment; rather, it is a "theory upon which an action for restitution may rest." *See Hancock v. Chi. Title Ins. Co.*, 635 F.Supp.2d 539, 560-61 (N.D. Tex. 2009) (Fitzwater, C.J.) (dismissing unjust enrichment claim at summary judgment stage); *see also Redwood Resort Props., LLC v. Holmes Co.*, 2006 WL 3531422, at *9 (N.D. Tex. Nov. 27, 2006) (Fitzwater, J.) (dismissing unjust enrichment claim at motion to dismiss stage and holding that it is not an independent cause of action). Plaintiffs therefore concede that if their other claims do not survive—which they do not—their unjust enrichment claim cannot survive either. *Bias*, 816 F.3d at 321 (a party waives an argument by failing to raise it).

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant the Motion and dismiss Plaintiffs' complaint against Defendants in its entirety with prejudice and award Defendants all other relief to which they are entitled.

Respectfully submitted,

*/s/ Margaret D. Terwey*
Margaret D. Terwey
Texas Bar No. 24087454
margaret.terwey@rm-firm.com
Tyler Bexley
Texas Bar No. 24073923
tyler.bexley@rm-firm.com
REESE MARKETOS LLP
750 N. Saint Paul St.,
Suite 600
Dallas, Texas 75201-3201
214.382.9810 telephone
214.501.0731 facsimile

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served by electronic transmittal by CM/ECF to all counsel of record on June 5, 2024.

*/s/ Margaret D. Terwey*