UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OAKS et. al., <br><br> Plaintiff, <br><br> v. <br><br> MARABOYINA et. al., <br><br> Defendant. | Civil Action No. 3:23-cv-02833-X |

**UNOPPOSED MOTION TO WITHDRAW**

Ross M. Good of the law firm of The Good Law Group ("Movant"), counsel for Plaintiff Casey Oaks and James Mormile ("Plaintiffs"), file this Motion to Withdraw ("Motion") and respectfully show the Court as follows:

**PRELIMINARY STATEMENT**

Plaintiffs have retained Alexander Loftus of Loftus & Eisenberg to represent them in this lawsuit, and as a result, Movant respectfully requests the Court to allow Movant to withdraw as counsel of record. Movants' withdrawal from this matter will not prejudice the parties and it will not disrupt the prosecution of this matter. Opposing counsel does not oppose this Motion.

**ARGUMENT AND AUTHORITIES**

In order to withdraw from representation in the Northern District of Texas, attorneys must meet three requirements: 1) good cause for withdrawal exists and reasonable notice to the client has been provided; 2) the withdrawal will not disrupt the prosecution of the lawsuit; and

1

3) the motion to withdraw must comply with Local Rule 83.12. *Edwards v. Oliver*, 2022 WL 4820147, at *1-2 (N.D. Tex. Sept. 30, 2022). The question of whether these requirements are satisfied is "entrusted to the sound discretion of the trial court." *Am. Res. Techs., Inc. v. Oden*, 2014 WL 6884243 *2 (N.D. Tex. Dec. 8, 2014) (quoting *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (internal quotations omitted)).

A.     **There is Good Cause for Movants to Withdraw and Plaintiffs Acknowledge and Approves of Movant's Withdrawal.**

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019) (citing *Wynn*, 889 F.2d at 646). Whether an attorney has good cause to withdraw depends on the facts and circumstances of the case. *Edwards*, 2022 WL 4820147, at *1.

Here, good cause exists for Movant to withdraw from their representation of Plaintiff Oaks and Mormile. Plaintiffs have existing counsel to continue to represent them in this lawsuit. Plaintiffs' counsel, Alexander Loftus, has already appeared as counsel for Plaintiffs and is admitted to practice in this Court. For this reason, good cause exists for Movant's withdrawal from this matter.

B.     **Movant's Withdrawal Will Not Disrupt the Prosecution of this Case.**

In addition to good cause existing for Movant's to withdraw, his withdrawal will not disrupt the prosecution of this case. Even if good cause exists, the court has the responsibility to assure the prosecution of the lawsuit is not disrupted by counsel's withdrawal. *Oden*, 2014 WL 6884243, at *1 (citing *Denton v. Suter*, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013)). As such, courts consider a number of other factors when deciding to a motion to withdraw. Id. (citing *White v. BAC Home Loans Servicing, LP*, 2010 WL 2473833, at *2–3).

"Chief among these factors are 'undue delay in the proceedings, prejudice to the client, and the interests of justice.'" *Id.* (citing *Dorsey v. Portfolio Equities, Inc.*, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008)).

Movants' withdrawal in this matter will not disrupt the prosecution of the case. Considering the "chief" factors discussed in *Oden*, there will be no undue delay in the proceedings as a result of Movants' withdrawal. *Id.* As discussed above, Plaintiffs have already retained new counsel who has appeared in this matter on their behalf. Thus, there will be no delay in Plaintiffs searching for and retaining new counsel, as they have already done so. Furthermore, Movant and Plaintiffs new counsel have worked diligently to transition the management of this litigation As such, the Court's granting of this Motion will not disrupt the prosecution of this case.

C.   **Movants' Motion Complies with Local Rule 83.12.**

In addition to the requirements above, the local rules for this District require that, when an attorney seeks to withdraw, the attorney must file a motion to withdraw specifying the reasons and providing the name and address of the succeeding attorney. N.D. Tex. L.R. 83.12(a). The reasons for withdrawing are specified above—Plaintiffs desired and retained new counsel to represent them in this action. Furthermore, the succeeding attorney is Alexander Loftus of Loftus & Eisenberg, whose address is 161 N. Clark Street, Ste 1600, Chicago, IL 60601.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, Ross M. Good of The Good Law Group respectfully requests that the Court enter an order discharging them as counsel of record in the above-referenced action.

Dated: April 30, 2025

                                    Respectfully submitted,

                                    /s/ Ross M. Good
                                    Ross M. Good
                                    The Good Law Group
                                    800 E. Northwest Hwy, Ste 814
                                    Palatine, IL 60074
                                    Ross@thegoodlawgroup.com
                                    (847) 577-4476

**CERTIFICATE OF CONFERENCE**

I hereby certify that on April 30, 2025, I conferred with counsel for Defendants regarding the contents of this Motion, who advised that this Motion to Withdraw is Unopposed.

/s/ Ross M. Good
Ross M. Good

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing has been served on counsel of record for Defendant via the Court's electronic filing system, on this the 30th day of April, 2025.

/s/ Ross M. Good
Ross M. Good

5