IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | |
|---|---|
| CASEY OAKS and JAMES MORMILE individually and on behalf of a class of similarly situated investors,<br><br>　　　Plaintiffs,<br><br>v.<br><br>SURAJ MARABOYINA,<br><br>　　　Defendant. | Case No. 3:23-cv-02833-X |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

　　Instead of complying with the Court's twice-repeated admonition to cure the defects identified in its Orders (ECF Nos. 18, 29), Plaintiffs flout it. Plaintiffs' proposed Second Amended Complaint (ECF No. 30-1) is nearly identical to the stricken Amended Class Action Complaint (ECF No. 19). Rather than addressing the defects identified by the Court (ECF No. 18), Plaintiffs concede they cannot cure those defects and ask this Court for a do-over. Plaintiffs' Motion—and their failure to make any effort to address the Court's ruling or the myriad issues identified in Defendants' Motion to Strike and Dismiss (ECF No. 23)—makes clear that this lawsuit, which Plaintiffs filed twenty months ago, remains in search of a legal theory to support it. But the Federal Rules do not permit plaintiffs to use the amendment process to fire aimlessly into the dark until they hit something. This case has already imposed a significant burden on this Court and on Maraboyina without yet landing on a cognizable basis for recovery. The Court should not countenance further gamesmanship from Plaintiffs and should deny their Motion for Leave.

**I.　Plaintiffs have not shown good cause to support their proposed re-filing of the stricken Amended Class Action Complaint.**

　　Although the Federal Rules of Civil Procedure are relatively liberal in allowing amendments at the beginning of the case, a party must seek leave and show good cause to amend pleadings once

1

the applicable deadlines have passed, a standard that Plaintiffs cannot meet here. Fed. R. Civ. P. 16(b)(4). As Plaintiffs themselves acknowledge, a key factor in determining whether good cause exists is whether Plaintiffs have offered an "explanation for the failure to [timely move for leave to amend]." ECF No. 30 at 2 (citing *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, N.A.*, 315 F.3d 533, 536 (5th Cir. 2003)).

Plaintiffs claim that the "good cause" for their belated request to amend is that, upon the Court's February 2025 Order dismissing their original complaint, they conducted additional legal and factual research that led them to realize that their original claims were not viable. ECF No. 30 at 5-6. Most significantly, Plaintiffs note that they knew by February 2025 that their securities claim was not viable because the investments at issue were not in fact securities, as another court had already ruled. *Id.* According to Plaintiffs, "[t]his diligent re-evaluation led Plaintiffs to substantially re-work the complaint—dropping the securities-based claim and emphasizing common-law claims. The amendment was not filed earlier because Plaintiffs were carefully ensuring that the new pleading would fully comply with the Court's guidance and clarify the nature of the claims. There has been no undue delay—***Plaintiffs moved to amend within the timeframe contemplated by the Court's order and as soon as practicable after completing necessary research and revisions***." *Id* (emphasis added).

Unfortunately, Plaintiffs' recited history is not true. In the Court's February 2025 Order, the Court gave Plaintiffs' 28 days to amend their complaint. ECF No. 18 at 11. Plaintiffs did not file a motion to amend their pleadings before the expiration of that deadline. Instead, Plaintiffs—without leave—simply filed a new complaint on February 28, 2025, that abandoned their original claims, ignored the defects identified by the Court, and asserted wholly new causes of action based on different legal theories. ECF No. 19. Plaintiffs offer no explanation for why they did not seek leave to amend before filing their amended complaint nearly six months ago. Plaintiffs had an additional opportunity to move for leave to amend their complaint when Defendant's pointed out Plaintiffs'

2

failure to comply with the Court's February 2025 Order in Defendants' Motion to Strike, which was filed four months ago in April 2025. ECF No. 23 at 7-9. But they did not.

Plaintiffs also fail to explain why they could not have discovered that the investments at the heart of their complaint were not securities to begin with. The Second Circuit case they cite to support their belated conclusion was issued in August 2023, before they filed this lawsuit. *See* ECF No. 30 at 6 (citing *Kirschner v. JP Morgan Chase Bank, N.A.*, 79 F.4th 290, n. 12 (2nd Cir. 2023)). Plaintiffs' failure to conduct adequate legal research before initiating an expensive and complex securities class action is not "good cause" for seeking leave to amend twenty months into the case. Further, Plaintiffs offer no explanation for why their negligent misrepresentation claim was amended to become a breach of fiduciary duty claim instead of being amended to address the Court's concerns, something not necessitated by their belated determination that this case does not involve securities. Rather, Defendant suspects that Plaintiffs simply could not identify any statements that Maraboyina made that occurred ***prior*** to their investment decisions, and thus Plaintiffs were not able to cure the defects identified by the Court. Plaintiffs do not even mention their new assumpsit claim in their Motion for Leave or explain why they dropped their original unjust enrichment claim in favor of assumpsit.

Without an explanation to justify their six-month delay in seeking leave to amend or their failure to accurately label the investments in the first place, Plaintiffs cannot satisfy even the initial hurdle to show good cause, and their Motion should be denied. In the case Plaintiffs cite in their brief, the Fifth Circuit affirmed a district court's decision to deny a motion for leave to amend in part because the amending party "offers effectively no explanation" for the belated filing. *S&W Enters.*, 315 F.3d at 536. This Court should do the same here.

**II.    Plaintiffs' proposed amendments significantly prejudice Maraboyina.**

Plaintiffs claim that their belated amendments will not prejudice Maraboyina merely because the allegations are not a surprise. ECF No. 30 at 6-7. But Plaintiffs ignore the significant costs and

3

inefficiencies their failure to comply with the Court's Order and Federal Rules has already imposed on Maraboyina and this Court.

This lawsuit has been pending against Maraboyina for twenty months, and Maraboyina has already incurred the cost of researching and briefing two motions to dismiss against two sets of completely different causes of action while Plaintiffs search for a viable theory. Plaintiffs' concession that this case never involved securities means that the first efforts of Maraboyina and this Court to analyze Plaintiffs initial complaint was unnecessary and avoidable. Additionally, Plaintiffs have made no additional changes to their Second Amended Complaint from the version that was stricken by the Court to address either the Court's concerns or the issues raised by Maraboyina in his most recent Motion to Dismiss. Plaintiffs thus appear to expect that Maraboyina and this Court will engage in yet a third round of briefing on precisely the same issues raised in the last round, a significant cost of time and money that could have been avoided entirely had the Plaintiffs timely sought leave to amend six months ago.

This case has imposed significant costs on Maraboyina—an individual—both in terms of the expense to respond to Plaintiffs' claims, which are a moving target, and in terms of reputational harm. In particular, Plaintiffs alleged that Maraboyina engaged in securities *fraud*, a far more serious allegation of misconduct than the negligence theory they now assert, yet Plaintiffs now admit their fraud claim was ***never viable***. Plaintiffs' gamesmanship and failure to respect Court rulings and deadlines continues to impose an undue burden on Maraboyina and this Court, and their Motion should be denied for this additional reason.

### III.    Plaintiffs' Motion should be denied because their proposed amendments are futile.

Finally, Plaintiffs' Motion for Leave should be denied because their proposed amendments are futile, as Maraboyina detailed in his Motion to Strike and Dismiss. ECF No. 23. While Maraboyina will not repeat the entire substance of his Motion to Strike and Dismiss here (and

4

incorporates that briefing by reference), there are two primary flaws that Plaintiffs' amendments still fail to address:

First, Plaintiffs represent that the need for the new amendments is based on their belated realization that the investments at issue are not securities. Yet their proposed Second Amended Complaint is replete with references to securities and securities laws, and Plaintiffs appear to expect this Court to apply securities regulatory standards in assessing Maraboyina's duty of care for both the new breach of fiduciary duty and negligence claims. *See, e.g.*, ECF No. 30-1 ¶¶ 155-179 (citing FINRA and SEC regulations governing securities); *see also id.* ¶ 205 ("In this case, the applicable standards of conduct for Maraboyina are the rules promulgated by FINRA which each broker offering securities such as the Cloth notes should be a member of."). The FINRA explicitly states that "where a broker-dealer's or registered representative's recommendation does not refer to a security or securities, ***the suitability rule is not applicable***." See FINRA Rule 2111 (Suitability) FAQ at A4.3 (emphasis added).[1] Similarly, Plaintiffs cite SEC Regulation BI for the duty of care, but again Regulation BI applies to "broker-dealers that make recommendations of any securities transaction or investment strategy involving securities to retail customers," not to transactions involving non-securities. See FAQs on Regulation Best Interest, U.S. Securities and Exchange Commission (Feb. 11, 2020).[2] Based on Plaintiffs' own concessions, these regulations cannot apply here because this case does not involve securities. Plaintiffs allege no standard of care that applies to the investments at issue here, nor do they allege facts demonstrating that Maraboyina failed to satisfy an applicable standard of care. Curiously, Maraboyina pointed out this deficiency in the Motion to Dismiss briefing, yet Plaintiffs made no effort to address it in the latest round of proposed amendments.

---

[1] Available at https://www.finra.org/rules-guidance/key-topics/suitability/faq.
[2] Available at https://www.sec.gov/rules-regulations/staff-guidance/trading-markets-frequently-asked-questions/faqregulation-best.

Second, Plaintiffs fail to add facts that specifically address the Court's concerns in its original February 2025 Order. ECF No. 18. Specifically, Plaintiffs' amendments get no closer to supporting their claim that they had a fiduciary relationship with Maraboyina (*see* ECF No. 23 at 11-13) or that anything Maraboyina did caused their injury, such as for example identifying any specific representations he made to them that predated their investment decision (*id.* at 15-20). Not only have they failed to identify any statements Maraboyina made in advance of their investment decision (other than conclusory, undated statements that the investments were low risk and had been vetted by Maraboyina), but the contracts underlying those investments—of which this Court may take judicial notice—wholly contradict Plaintiffs' claim that they relied on anything Maraboyina did or said to them or that such reliance was reasonable. *Id.* As Plaintiffs have made no changes between their Amended Class Action Complaint and this latest one, they failed to address any of the issues identified in Maraboyina's Motion to Strike and Dismiss. Thus, their Motion should be denied because their proposed amendments are futile and unlikely to survive yet a third round of dismissal briefing. *See Foman v. Davis,* 371 U.S. 178, 182 (1962) (the "repeated failure to cure deficiencies by amendments previously allowed" and "futility of amendment" acknowledged as valid reasons to deny leave to amend); *cf. Taubenfeld v. Hotels.com*, 385 F. Supp. 2d 587, 592 (N.D. Tex. 2004) (citing *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)) ("A dismissal with prejudice is appropriate when amending a complaint would be futile.").

**IV.    Alternatively, the Court should deny leave for Plaintiffs to amend to add the Conover allegations.**

In the event the Court does not deny leave in its entirety, the Court should deny leave for Plaintiffs to add the Conover allegations and SEC consent order, which have no bearing on this case. The Conover case does not involve the same "acts and omissions," and there are significant differences between that case and this one. Plaintiffs claim the settlement order between Conover and the SEC is persuasive authority, but negotiated settlement agreements between private parties

6

and the government reflect compromises and thus are neither precedential nor persuasive. *United States v. Armour & Co.*, 402 U.S. 673, 681–82 (1971) ("Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with the litigation. Thus the decree itself cannot be said to have a purpose; rather the parties have purposes…."). Further, Conover is fundamentally inapplicable: Plaintiffs do not plead any violations of the Advisers Act, nor do they allege that Maraboyina invested clients' money he held in a fund. The Conover allegations have no possible relation to this case and appear intended only to cause prejudice. They should be stricken. *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012); *Jefferson Parish Consol. Garbage Dist. No. 1 v. Waste Mgmt. of La.*, 2010 WL 1731204, at *5 (E.D. La. Apr. 28, 2010).

## V.   Conclusion

For the foregoing reasons, Defendant respectfully requests that this Court deny the Motion. Because Plaintiffs still have not filed an amended complaint that complies with the Court's Order (ECF No. 18), Defendant asks that the Court dismiss Plaintiffs' action in its entirety with prejudice and award Defendant all other relief to which he is entitled.

Respectfully submitted,

*/s/ Margaret D. Terwey*
Margaret D. Terwey
Texas Bar No. 24087454
margaret.terwey@rm-firm.com
Tyler Bexley
Texas Bar No. 24073923
tyler.bexley@rm-firm.com
REESE MARKETOS LLP
750 N. Saint Paul St.,
Suite 600
Dallas, Texas 75201-3201
214.382.9810 telephone
214.501.0731 facsimile

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was served by electronic transmittal by CM/ECF to all counsel of record on August 21, 2025.

*/s/ Margaret D. Terwey*