UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CASEY OAKS and JAMES MORMILE, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 3:23-CV-2833-X |
| SURAJ MARABOYINA and MARABOYINA CAPITAL, LLC, | § § § § | |
| *Defendants.* | § | |

## MEMOROANDUM OPINION AND ORDER

Before the Court is plaintiffs Casey Oaks and James Mormile's Motion for Leave to File Second Amended Complaint. (Doc. 30). Having considered the Motion, it is **DENIED**. Under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** plaintiffs Oaks and Mormile's case against defendants Maraboyina and Maraboyina Capital for failure to comply with Court orders.

Rule 41(b) allows the Court to "dismiss the action or any claim against" the defendant if "the plaintiff fails to prosecute or to comply with these rules or a court order."[1] Dismissal under Rule 41(b) may be *sua sponte*, but it may be with prejudice "only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action."[2]

---

[1] FED. R. CIV. P. 41(b).

[2] *Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996).

The Court previously granted a motion to dismiss and granted leave to Oaks and Mormile to file an amended complaint that is "limited to curing the defects [that order] identifies."[3] Instead of correcting the defects identified by the Court, "Oaks and Mormile filed an amended complaint that exceeded the scope of that leave by filing entirely new causes of action while abandoning the old ones."[4] The Court granted Maraboyina's motion to strike and granted leave to comply with the Court's previous order, informing Oaks and Mormile that if they fail to comply with the Court's orders, the Court will "will dismiss the action for failure to follow Court orders and for want of prosecution."[5]

Oaks and Mormile have again failed to comply with the Court's orders. In lieu of curing defects, Oaks and Mormile substituted the legal theories on which their claims rest.

Dismissal is appropriate under Rule 41(b) because Oaks and Mormile have disregarded the Court's orders to fix the deficiencies. The more difficult inquiry is whether that dismissal should be with prejudice or without prejudice. The Court, in its discretion, notes that despite the failures, the record lacks the findings of purposeful delay or contumaciousness and the Court has not already imposed the lesser sanctions necessary to warrant dismissal with prejudice—the heightened standard for dismissal with prejudice that Rule 41(b) requires. Therefore, under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT**

---

[3] Doc. 18 at 11.
[4] Doc. 19 at 1.
[5] *Id.* at 1–2.

**PREJUDICE** Oaks and Mormile's case against the defendants for failure to comply with the Court's orders. [6]

**IT IS SO ORDERED** this 2nd day of September, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[6] Because the Court dismisses without prejudice, nothing in the Court's resolution of this case prevents Oaks and Mormile from refiling their action with the new legal theories.